IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad N. Wilson, | ) |
|             Plaintiff, | ) |
| v. | ) Civil Action No. 2:25-cv-11955-BHH |
| City of Hanahan Public Officials; Hanahan Police Department; and Hood Law Firm, | ) **ORDER** |
|             Defendants. | ) |

This matter is before the Court upon Plaintiff Muhammad N. Wilson's ("Plaintiff") *pro se* complaint challenging the dismissal of certain civil lawsuits Plaintiff filed in response to a 2018 arrest. (ECF No. 10.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On October 28, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), taking judicial notice of the prior state and federal court proceedings from which this action stems and concluding that this action is subject to summary dismissal because the action is barred by the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and because it is largely barred by *res judicata*. (ECF No. 20 at 8–11.) The Magistrate Judge also found that Plaintiff's claims are subject to summary dismissal because Title II of the ADA does not apply to Plaintiff's allegations; because Defendants are not amenable to suit under 42 U.S.C. § 1983; because Plaintiff has not made a showing that he was treated differently than other similarly situated to him due to his disability or race; and because Plaintiff's

second claim would fail under the Seventh Amendment. (*Id.* at 12-15.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, no objections to the Report have been filed, and Plaintiff has not filed the required materials to bring his case into proper form. Plaintiff also appears to have failed to keep the Court advised of his current address as required. After review, the Court agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 20); the Court dismisses this action without further leave to amend; and the Court finds as moot Defendants'**

motion to dismiss in lieu of an answer (ECF No. 19).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 17, 2025
Charleston, South Carolina