UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Muhammad N. Wilson,                          )
                                             )
                        Plaintiff,           )
                                             )      Civil Action No. 2:25-cv-11955-BHH
            v.                               )
                                             )              **Order**
City of Hanahan Public Officials,            )
Hanahan Police Department, and               )
Hood Law Firm,                               )
                                             )
                        Defendants.          )
_____             )

This matter is before the Court upon *pro se* and *in forma pauperis* Plaintiff

Muhammad N. Wilson's ("Plaintiff") amended complaint against unnamed City of

Hanahan Public Officials (the "City of Hanahan"); the Hanahan Police Department (the

"Police Department"); and Hood Law Firm (collectively, "Defendants") challenging the

dismissal of certain civil lawsuits Plaintiff previously filed in response to a 2018 arrest.

(ECF No. 10.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2),

D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker

for pretrial proceedings.

On October 28, 2025, Magistrate Judge Baker issued a Report and

Recommendation ("Report"), recommending that the action be dismissed without

issuance and service of process and without leave to amend. (ECF No. 20.) The Report

finds that the relief Plaintiff seeks – that this Court grant him a trial to renew the challenges

to his arrest presented in Plaintiff's previous civil lawsuits – is barred under the *Rooker-*

*Feldman* doctrine.[1] (ECF No. 20 at 8-10.) The Report also finds that the instant action is largely barred by the doctrine of *res judicata*.[2] (*Id.* at 10-11.) Lastly, the Report finds that, even construing Plaintiff's allegations as raising new, independent constitutional claims based on Defendants' purported misconduct during Plaintiffs' previous proceedings, Plaintiff's claims remain subject to dismissal. (*Id.* at 12.) Despite the confused, rambling nature of Plaintiff's complaint, the Magistrate Judge discerns two potential causes of action: (1) discrimination under Title II of the ADA[3] and (2) discrimination under the Equal Protections Clause, 42 U.S.C. § 1983.[4] (*Id.*) The Report recommends dismissal of these purported claims, however, because: (1) Plaintiff does not allege any facts from which the Court could plausibly infer that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (2) the Police Department and Hood Law Firm do not qualify as "persons" for purposes of § 1983, and the allegations

---

[1] Under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), a party losing in state court is barred "from seeking what in substance would be appellate review of the state judgment in a United States district court." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)); *see also Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (explaining that the doctrine "preserves federalism by ensuring respect for the finality of state court judgments" and "preserves the separation of powers by ensuring that . . . review of state court judgments is conducted only by the United States Supreme Court").

[2] *Neto v. Rushmore Loan Mgmt. Servs., Inc.,* No. 8:16-cv-1056- DKC, 2017 WL 896890, at *5 (D. Md. Mar. 7, 2017) (explaining that res judicata "contemplates, at a minimum, that courts not be required to adjudicate, nor defendants to address, successive actions arising out of the same transaction and asserting breach of the same duty") (internal citations omitted); *see also Holmes v. Granuaile, LLC*, No. 2:20-cv-1748-RMG-MHC, 2024 WL 3722624, at *3 (D.S.C. July 17, 2024), *adopted*, 2024 WL 3718105 (D.S.C. Aug. 8, 2024), *aff'd*, No. 24-1868, 2025 WL 800218 (4th Cir. Mar. 13, 2025) ("[A] court may *sua sponte* raise the issue of res judicata in special circumstances where the previous action was litigated in the same district court, or where all relevant data and legal records are before the court and judicial economy will be served by invoking res judicata sua sponte.").

[3] Title II of the ADA "provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *United States v. Georgia*, 546 U.S. 151, 153 (2006) (referencing 42 U.S.C. § 12132).

[4] To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that "a right secured by the Constitution and laws of the United States" was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

in the amended complaint fail to demonstrate municipal liability against the City of Hanahan. (*Id.* at 12-14.) Even if Defendants were amendable to suit under § 1983, the Report further finds that Plaintiff fails to establish actionable discrimination under the Equal Protection Clause of the Fourteenth Amendment because Plaintiff has made no showing that he was treated differently than others similarly situated to him due to his disability (or race). (*Id.* at 14); *see Waller v. City of Danville*, 212 F. App'x 162, 174 (4th Cir. 2006) (finding that speculative, conclusory assertions are insufficient to show that certain actions "were tainted by any race-based motivations"). Additionally, the Report finds that any purported claim under the Seventh Amendment fails because "a jury has no role with respect to dismissals for failure to state a claim or lack of subject matter jurisdiction,"[5] as was the case in Plaintiff's previous civil lawsuits. (*Id.* at 14-15.) Moreover, the Report notes that "[t]he Seventh Amendment . . . governs proceedings in federal court, but not in state court;"[6] therefore, Plaintiff did not have the right to a jury trial under the Seventh Amendment in his actions before the Berkeley County Court of Comon pleas. (ECF No. 20 at 15.)

On November 17, 2025, Plaintiff filed objections to the Report. (ECF No. 26.)

### Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a

---

[5] *MB Hutson v. Harper*, No. 2:22-cv-941-DCN-MHC, 2022 WL 19772549, at *3 (D.S.C. Nov. 15, 2022), *adopted sub nom. Hutson v. Harper*, 2023 WL 3033235 (D.S.C. Apr. 21, 2023) (internal quotation marks and citations omitted).
[6] *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 417 (1996).

specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### Discussion

The Report sets forth in detail the relevant background and the standard of review, and no party objects to these portions of the Report. The Court finds no clear error in these portions of the Report and incorporates these portions without recitation.

Like the amended complaint, Plaintiff's objections contain unorganized, rambling sentences and, mostly, excerpts of the law. (ECF No. 26.) As best this Court can discern, Plaintiff makes only one general objection. Plaintiff states that his "claims are not barred by the Doctrines of Res Judicata and Collateral estoppel based on the new Evidence that Supports **conflict of interest & Rule 103**." (*Id*. at 11 (emphasis in original).) After this conclusory statement, however, Plaintiff quotes excerpts of the law, such as rules of evidence, criminal case law, and the Seventh Amendment. (*Id.* at 11-15.) Plaintiff does not explain this "new evidence" or why the Report's finding in this regard was in error.

Having found no specific objections to the Report in Plaintiff's "objections," the Court reviews the record and has found no clear error. *Hart v. Warden of Broad River*

*Corr. Inst.*, No. 0:09-997, 2010 WL 2232213, at *2 (D.S.C. June 3, 2010) (findings the majority of the objections were "non-specific," "unrelated to the dispositive portions" of the Report, or "merely restat[ed]" the petitioner's claims). Accordingly, the Court overrules Plaintiff's objections.

## Conclusion

Based on the foregoing, the Court **adopts and specifically incorporates herein** the Magistrate Judge's Report (ECF No. 20); **overrules** Plaintiff's objections (ECF No. 26); and **dismisses this action without issuance and service of process and without leave to amend.** The Court also **dismisses as moot** Defendants' motion to dismiss in lieu of an answer. (ECF No. 19).

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

May 4, 2026
Charleston, South Carolina

5